```
                                                    -PS-
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE MERCIER,

                    Plaintiff,

          -v-                                06-CV-0096A
                                             ORDER
HEARY BROTHERS
LIGHTENING PROTECTION CO.,

                    Defendant.
_____
```

Plaintiff, George Mercier, proceeding *pro se*, has filed a complaint against Heary Brothers Lightening Protection Company, and requested permission to proceed *in forma pauperis*. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted. and, unless plaintiff submits an amended complaint that sufficiently sets forth a federal claim, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In evaluating the complaint, the Court must accept as true all factual

allegations and must draw all inferences in plaintiff's favor. *See* King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted.

Here, plaintiff has filed this action against a private corporation, alleging that defendant's failure to enter into a contract to sell him a "model # 51H7 Lightning Sphere" violated the Civil Rights Act of 1964. Affording plaintiff's complaint the liberal reading due pleadings filed by *pro se* litigants, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court finds that the allegations do not set forth a cognizable claim.

With respect to his civil rights claim, 42 U.S.C. § 1981 provides in relevant part:

> All persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is

2

> enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. Thus in order to state a claim under this statute, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) that the defendant against whom the claim is asserted had an intent to discriminate against plaintiff on the basis of plaintiff's race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Here, plaintiff did not allege that he is a member of a racial minority. The facts allege merely indicate a disagreement over the telephone regarding model numbers or terminology, which resulted in defendants refusal to sell an item to plaintiff. There is no indication that any aspect of the refusal to enter into a contract was based on improper discrimination, racial or otherwise. Accordingly, plaintiff's claim is subject to dismissal.

Additionally, because plaintiff and defendant are located in different states, the Court has considered whether diversity jurisdiction could be established. See 28 U.S.C. § 1332. Plaintiff has not provided sufficient allegations to demonstrate a violation of the applicable state laws, nor has he indicated that

the requisite dollar amount is at issue in this action. Thus, the complaint is subject to dismissal.

*Pro se* litigants should be afforded an opportunity to demonstrate that they can state a claim. Dluhos v. Floating and Abandoned Vessel, 162 F.3d 63 (2d Cir. 1998); Fed.R.Civ.P. 15(a); *see also* Ronzani v. Sanofi, S.A., 899 F.2d 195, 198 (2d Cir. 1990). Such leave may be denied, however, where amendment would be futile. Dluhos, 162 F.3d 63; *and see* Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam). Here, the Court notes that plaintiff has filed five previous actions in this Court, four of which have been dismissed during the preliminary stages of review, and one of which is pending such review. It may be that this action as well will result in a dismissal prior to service. Nevertheless, "refusal to grant leave must be based on a solid ground." Oliver Schools, Inc. v. Foley, 930 F.2d 248, 253 (2d Cir. 1991) (internal quotation marks and citations omitted).

Because the Court cannot say there is no potential federal claim based on these allegations, the Court will afford plaintiff a single opportunity to amend his complaint to state a claim. **The amended complaint will be subject to further review pursuant to 28 U.S.C. § 1915e(2)(B).**

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **April 12, 2006**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **April 12, 2006**, the complaint shall be dismissed with prejudice, and the Clerk of the Court shall close this case without further order of the Court; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **April 12, 2006**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   March 8, 2006
         Rochester, New York